

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CURTIS J. LEWIS
Vs. C.A. No. 2013 CA 004666 B
RENWAL BY ANDERSON CORPORATION

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date: July 10, 2013
Initial Conference: 9:30 am, Friday, October 11, 2013
Location: Courtroom 214
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Curtis J. Lewis, Leslie Lewis, 1625 Kalmia Road, NW Washington, DC 20012
Plaintiff

vs.

Case Number 13-0004666

Rescue/Dal By Anderson Corporation
Serve: The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Roberta Y. Wright
Name of Plaintiff's Attorney

1735 Tamarack Street
Address
Washington, DC 20012

(301) 526-0474
Telephone

Clerk of the Court

By [signature]
Deputy Clerk

Date 7/10/13

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

Demandante

contra

Número de Caso: ____________________

Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

Por: ____________________
Subsecretario

Dirección

Fecha ____________________

Teléfono

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**DISTRICT OF COLUMBIA SUPERIOR COURT**
**CIVIL DIVISION**

**CURTIS J. LEWIS**
**LESLIE LEWIS**
**1625 Kalmia Road**
**Washington, DC 20012**

**PLAINTIFFS,**

**vs.**

**RENWAL BY ANDERSEN CORPORATION**
***("Renewal by Andersen" Window Replacement an Andersen Company)***
**551 North Maine Street**
**Bayport, MN 55003**

**DEFENDANT.**

RECEIVED
Civil Clerk's Office
JUL 10 2013
Superior Court of the District of Columbia
Washington, D.C.

13-0004666

**Serve:** Registered Agent
**The Corporation Trust Incorporated**
351 West Camden Street
Baltimore, MD 21201

**COMPLAINT**

NOW COMES Plaintiffs Curtis J. Lewis and Leslie Lewis, by way of counsel, Roberta Y. Wright, and pursuant to the following complaint, bring their claims for breach of contract, breach of warranty, negligent installation and construction of replacement windows, concealment of conditions related to re-installation of replacement windows, violation of the industry standard of care related to window installation, fraudulent misrepresentation as to adequacy of necessary repairs, all of which has resulted in pecuniary loss, loss of use of property, wage loss, and emotional damages identified hereinafter.

**JURISDICTION**

1. This Court has jurisdiction over this action pursuant to D.C. Code ANN. ST. 11-921. Additionally, the events and claims giving rise to this action all took place within the District of Columbia, *lex loci.*

**PARTIES**

2. The Plaintiffs, Curtis J. Lewis and Leslie Lewis (hereinafter "Plaintiffs") are married adults who live and reside in the District of Columbia at 1625 Kalmia Road, NW, Washington, DC, 20012.

3. The Defendant Renewal By Andersen Corporation (hereinafter "Defendant") is a foreign business operating in the District of Columbia.

**BACKGROUND AND FACTUAL BASED ALLEGATIONS GIVING RISE TO PLAINTIFF'S CLAIMS**

4. On April 22, 2008, Defendant Renewal By Andersen Corporation negligently constructed and installed sliding glass doors and windows in Plaintiff's home in manner concealing resulting water damage at 1625 Kalmia Road, Washington, DC.

5. The concealed installation defects were discovered by Plaintiff around July 20, 2010 and reported in September 2010.

6. On or about September 2010, Defendant's representative inspected Plaintiffs' residence and caused its workmen to return around two days later in order to make repairs.

7. Defendant made repairs to the windows and doors that had it earlier installed in order to correct the water intrusion. After the repairs had been completed, the Defendant stated that they had repaired the source of water intrusion.

8. Plaintiffs relied on this representation and proceeded to correct or repair damage due to this water intrusion.

9. In early December 2011, Plaintiffs discovered water poring through its ceiling and notified Defendant.

10. On December 19, 2011, Defendant's representative again inspected the windows and doors and scheduled an appointment on January 25, 2012 to reinstall the windows and doors.

11. On January 25, 2012 Defendant's representative removed and reinstalled doors of Plaintiffs' bedroom.

12. Defendant's representatives located rotted floor joists around the center of the doors and proceed to cut off rotted joists and inserted 6 to 10 inch portions of the approximately 24 feet long joists thereby compromising the integrity of the second floor of the home.

13. However, during this re-installation in January 2012, the Defendant again installed the door below the deck floor in such a way as to conceal this construction defect and their negligent reinstallation.

14. On April 13, 2012, Defendant's representatives and homeowner representatives again returned and inspected damages to the premises. For the purpose of inspection, Defendants cut and removed portions of the floor.

15. On or around June 2012, Plaintiffs discovered additional water stains and leaking water through the electrical fixtures on the floor below.

16. In July 2012 Plaintiff employed the services of East Coast Stone Masons (ECSM) to determine the source of the leak and remove the exterior tile floor to determine the source of the water intrusion. It was determined that the door was installed and reinstalled

below the surface of the exterior tile surface.

17. ECSM additionally determined that the water was accumulated on the plywood surface below the door.

18. ECSM removed the brick from the wall fascia of the structure for the purpose of lowering the surface of the exterior floor in order to properly install the exterior surface under the previously installed and reinstalled door in accordance with trade standards.

19. Plaintiff Lewis Curtis is a practicing attorney who provides various Human Resources and EEO services to federal agencies.

20. At all relevant times, Plaintiff provided legal services to clients and managed long-term contracts for federal agencies.

21. Plaintiff was required to take time from work to attend contractor repairs as well as emergencies resulting from Defendant's negligent installation, reinstallations, repairs and misrepresentations.

22. As a result thereof, Plaintiff suffered significant loss of income, diminished property value, and costs of current repairs.

**COUNT I**

**BREACH OF CONTRACT/BREACH OF WARANTY CLAIM**

23. Defendant breached their oral and written warranty of proper installation of the windows and doors as set forth in the contract between the parties.

24. As a result of Defendant's misrepresentation and continuing negligence, Plaintiffs have suffered lost wages and significant property damage.

**COUNT II**

**NEGLIGENCE CLAIM**

25. Defendant was negligent in that it and its agents failed to adhere to the standard of care by which such installation and repairs be done.

26. Specifically, the Defendant installed the windows and doors below the deck threshold flooring in such a way that concealed the fact that water was entering the subject premises from the center of the sliding glass doors and permeating the sub-flooring and joists below the deck flooring, causing rot to said sub floor and joists and damage to the ceiling and art lighting fixtures in the great room, located on the first floor, below the deck.

27. As a result of Defendant's negligence, Plaintiffs have suffered financial damage due to loss of use and enjoyment as well as cost of repetitive repair.

**COUNT III**

**FRAUD CLAIM**

28. Defendant's representation that it had repaired the water intrusion and properly re-installed the windows and doors in September 2010 was false.

29. Said false representation is material to Plaintiffs' complaint herein.

30. Plaintiffs assert that Defendant knew that the representation the water intrusion had been contained and the doors and windows, properly re-installed were false.

31. Plaintiffs are informed and believe that Defendant intended them to rely on this misrepresentation and Plaintiffs affirmatively state that they did rely on Defendant's misrepresentation as to the adequacy of repair.

32. As a result of Plaintiff's reliance on Defendant's misrepresentation, they resumed use of their home by installing a new ceiling over the ceiling that had been warped by the water intrusion and by installing special lighting in the ceiling to display their extensive

art collection.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

33. Because of the intentional misrepresentation, Plaintiffs have suffered and lost wages, all to be set forth at a trial of the matter herein.

## PRAYER FOR RELIEF

WHEREFORE as a direct result of the Plaintiff respectfully asks this Honorable Court to:

(1) Award Plaintiff compensatory damages in the amount of $165,586.00.

(2) Award Plaintiff emotional distress damages in the amount of $196,658.00.

(3) Award Plaintiff [his] reasonable attorney fees, and or other costs associated with litigating this case; and

(4) Grant such other relief that the Court may deem appropriate.

## JURY DEMAND

Pursuant to Rule 38(b) of the Superior Court Civil Rules, Plaintiffs hereby demand a trial by jury as to all claims triable of right to a jury.

Respectfully submitted,

July 10, 2013

/s/

ROBERTA Y. WRIGHT, Esq.
D.C. Bar 202044
1735 Tamarack Street N.W.
Washington, D.C.
301/526-0474
rywrightlaw@gmail.com

*Counsel for the Plaintiffs*